# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DARRIAS JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:24-CV-1668 JSD |
| | ) |
| COMPASS GROUP, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of self-represented plaintiff Darrias Jackson for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay the filing fee. However, plaintiff will be required to amend his complaint on a Court-provided form as he has not fully completed the Court's complaint form such that this Court is able to ascertain jurisdiction in this matter.

Plaintiff filed this employment discrimination action on December 9, 2024. [ECF No. 1]. Plaintiff has failed to indicate on pages 1 or 2 of the complaint the jurisdictional basis for filing his employment action. In other words, he has failed to indicate whether he is pursuing claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination Act of 1967, the Americans with Disabilities Act of 1990 or the Rehabilitation Act of 1973. Although plaintiff has checked the box marked "Other," he has not provided a reason for suing defendant Compass Group in federal Court, such as federal question jurisdiction or under the Court's diversity jurisdiction. *See* 28 U.S.C. §§ 1331 or 1332. Furthermore, plaintiff has not articulated in his "Statement of Claim," on pages 5-6 of his complaint, a statutory basis for suing defendant Compass Group, such as

discrimination or retaliation based on his race, religion, national origin, color, gender, disability or age.

Because plaintiff is pro se, he will be given an opportunity to amend his pleading on a Court-provided form to state the jurisdictional basis for bringing the present lawsuit. He must indicate such on his Court form to survive initial review of his complaint pursuant to 28 U.S.C. § 1915 and Federal Rule of Civil Procedure 12(h)(3). Plaintiff must fill out all essential facts supporting his claim for relief on his Court-form. His failure to do so, and to articulate the jurisdictional basis for this employment action, will result in a dismissal of this lawsuit, without prejudice.

## Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel. [ECF No. 2]. The motion will be denied at this time.

In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

2

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall provide plaintiff with a copy of the Court's employment discrimination complaint form.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 3] is **GRANTED.**

**IT IS FURTHER ORDERED** that within twenty-one (21) days of the date of this Order, plaintiff shall file an amended complaint in this matter, in compliance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED at this time.**

**Plaintiff's failure to timely comply with this Order will result in the dismissal of this case, without prejudice and without further notice.**

_____
JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of December, 2024.